FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 20 2015

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**VICTOR MANUEL TALAVERA-TALAVERA and
MARCO ANTONIO TALAVERA-LEMUS**                     **PLAINTIFFS**

vs.                    No. 5:15-cv-0123BSM-JTK

**CATER FARM & PLANTING, LLC**                     **DEFENDANT**

This case assigned to District Judge Miller
and to Magistrate Judge Kearney

**COMPLAINT**

COME NOW Plaintiffs herein Victor Manuel Talavera-Talavera and Marco Antonio Talavera-Lemus, by and through their attorneys Stacy Coonce and Josh Sanford of Sanford Law Firm, PLLC, and for their cause of action against Defendant Cater Farm & Planting, LLC, do hereby allege and state as follows:

I.

**STATEMENT OF JURISDICTION**

1. Jurisdiction of this action is conferred on the Court based on the diversity of citizenship of the parties by 28 U.S.C. § 1332.

2. Venue lies within this district, pursuant to 28 U.S.C. § 1391 because Defendant is a resident of this district.

3. This lawsuit involves negligence under the laws of the State of Arkansas.

4. This Court has jurisdiction over the parties hereto and of the subject matter hereof, and venue is proper in this Court.

II.

## PARTIES TO THE CLAIM

5. Plaintiff Victor Manuel Talavera-Talavera (hereinafter referred to as "Victor") is a citizen and resident of Mexico, but is temporarily residing in Arkansas with an H-2B visa.

6. Plaintiff Marco Antonio Talavera-Lemus (hereinafter referred to as "Marco") is a citizen and resident of Mexico, but is temporarily residing in Arkansas with an H-2B visa.

7. Defendant Cater Farm & Planting, LLC (hereinafter referred to as "Defendant"), is a domestic limited liability company with its primary place of business in Drew, Arkansas, and having a registered agent for service of process of Jason Cater, 1715 Florence Road, Monticello, Arkansas 71655.

8. Defendant hired Plaintiffs Victor and Marco through the H-2B non-agricultural temporary worker program.

III.

## STATEMENT OF FACTS

9. This case arises out of an accident involving a vehicle belonging to Carlos Omar Tello Dominguez (hereinafter referred to as "Carlos") but being operated by Alfredo Barron Segovia (hereinafter referred to as "Alfredo") on November 21, 2014, on US Highway 59 North near Wharton, Wharton County, Texas.

10. As an H-2B employer, Defendant was responsible for providing transportation or compensation for transportation to Plaintiffs Victor and Marco

from the place from which Plaintiffs came to work for Defendant, to the place of employment, in accordance with 20 CFR §655.20(j)(1)(i).

11. Pursuant to 20 CFR §655.20(j)(1)(iii), "employer-provided transportation must comply with all applicable Federal, State, and local laws and regulations and must provide, at a minimum, the same vehicle safety standards, driver licensure requirements, and vehicle insurance as required under 49 CFR parts 390, 393, and 396."

12. Defendant undertook the duty to provide transportation to Plaintiffs by hiring Carlos to transport several H-2B employees, including Plaintiffs Victor and Marco, to its property in Monticello, Arkansas.

13. At the time of the accident, Alfredo, an employee of Carlos, was transporting the employees to the property in Monticello, Arkansas.

14. On November 21, 2014, at approximately 5:36 AM, Alfredo was operating a 2003 Chevrolet van belonging to Carlos on US Highway 59 North near Wharton, Wharton County, Texas, when Alfredo fell asleep, causing him to lose control of the vehicle and crash into multiple other vehicles.

15. Several passengers were in the vehicle at the time of the accident, including Plaintiffs Victor and Marco.

16. Four passengers died as a result of the accident.

17. At all times, Alfredo's operation of the vehicle was not reasonable or in accordance with Federal, State, and local laws.

18. The loss of control of the vehicle and the accident at issue were solely the result of Alfredo's negligence.

19. As a result of the accident, Plaintiffs Victor and Marco suffered severe injuries and had to be taken to a hospital in Rosenberg, Texas.

20. As a result of the accident, Plaintiffs Victor and Marco have sustained severe personal injuries; have experienced excruciating pain and suffering in the past and will continue to experience such in the future; have incurred extensive medical expenses in the past and will continue to incur such expenses in the future; have lost income; as well as other compensable incidental damages.

## VI.

## COUNT 1:

## NEGLIGENCE OF DEFENDANT

21. Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

22. At all times relevant to the Complaint, Defendant owed to the general public, including Plaintiffs, the duty to not place others in an unreasonable risk of danger.

23. At all times relevant to the Complaint, Defendant owed to the Plaintiffs, the duty to provide transportation or compensation for transportation from the place from which Plaintiffs came to work for Defendant, to the place of employment, in accordance with 20 CFR §655.20(j)(1)(i).

24. At all times relevant to the Complaint, Defendant owed to the Plaintiffs, the duty to provide transportation which complied with 20 CFR §655.20(j)(1)(iii).

25. Defendant breached its duty by negligently and unlawfully permitting Alfredo to operate the subject vehicle in a negligent manner on the highways of the State of Texas, which resulted in the vehicular accident and the substantial injuries to Plaintiffs.

26. This duty is non-delegable.

27. Hiring Carlos to provide transportation for Plaintiffs did not relieve Defendant of its duty to provide transportation in compliance with 20 CFR §655.20(j)(1)(iii).

28. The negligence of Defendant includes, but is not limited to, the following:

   A. Violation of the duty to provide transportation to H-2B employees which complies with 20 CFR §655.20(j)(1)(iii);

   B. Failure to exercise reasonable care as required by the circumstances.

29. As direct and proximate result of Defendant's conduct or failure to act as more particularly set forth above, Plaintiffs suffered injuries and incurred damages as more particularly described herein.

## COUNT 2:

## NEGLIGENT HIRING, SUPERVISION AND RETENTION

30. Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

31. Upon information and belief, Defendant did not conduct a background or driving record check prior to hiring Alfredo.

32. Upon information and belief, a proper check would have revealed that Alfredo was not an unfit, incompetent, or unsuitable agent for the position for which he was hired.

33. Upon information and belief, Defendant knew or should have known that allowing an unfit, incompetent, or unsuitable agent to provide transportation for Plaintiffs would subject Plaintiffs to an unreasonable risk of harm.

34. At all times relevant to the Complaint, Defendant owed to the general public, including Plaintiffs, the duty to protect from injury by the tortious acts of unfit, incompetent, or unsuitable agents.

35. Upon information and belief, Defendant breached its duty by negligently hiring and retaining Alfredo to operate the subject on the highways of the State of Texas, which resulted in the vehicular accident and the substantial injuries to Plaintiffs.

36. Upon information and belief, Defendant breached its duty by negligently supervising Alfredo in his operation of the subject on the highways of the State of Texas, which resulted in the vehicular accident and the substantial injuries to Plaintiffs.

37. The negligence of Defendant includes, but is not limited to, the following:

A. Negligent hiring, supervision, and retention;

B. Failure to exercise reasonable care as required by the circumstances.

38. As direct and proximate result of Defendant's conduct or failure to act as more particularly set forth above, Plaintiffs suffered injuries and incurred damages as more particularly described herein.

## V.

## DAMAGES

39. Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

40. As a direct and proximate result of Defendant's negligence, Plaintiffs have suffered the following damages:

    A. Past, present, and future medical expenses;

    B. Past, present, and future mental anguish damages;

    C. Past, present, and future pain and suffering;

    D. Lost income;

    E. Mileage for medical treatment;

    F. Costs herein; and

    G. Any and all other compensatory and consequential damages to which Plaintiffs are entitled.

41. At the time of the accident, Plaintiffs were able-bodied males who were gainfully employed. As a proximate result of the incident caused by Defendant's negligence and recklessness, Plaintiffs have not only had to miss work, but are currently incapable of working due to their injured state. As a result, Plaintiffs have lost and will lose income in a sum to be determined by the evidence presented at trial.

42. Plaintiffs' total compensatory damages shall be proved by the evidence presented at trial and are in excess of any minimum jurisdictional requirements of this Court.

43. Plaintiffs assert damages in an amount sufficient to invoke federal jurisdiction.

44. In addition, pursuant to A.C.A. § 16-55-206 and *Yeakley v. Doss*, 370 Ark. 122, 250 S.W.3d 895 (2007), Defendant is liable to Plaintiffs for punitive damages as Defendant knew or ought to have known, in light of the surrounding circumstances, that the conduct particularly described herein would naturally and probably result in injury or damage, and continued such conduct with malice or in reckless disregard of the consequences from which malice may be inferred.

WHEREFORE, premises considered, Plaintiffs Victor Manuel Talavera-Talavera and Marco Antonio Talavera-Lemus, pray that Defendant Cater Farm & Planting, LLC, be summoned to answer herein; for entry of judgment against Defendant which will fairly compensate Plaintiffs for all damages sustained in and as a result of Defendant's negligence; pre- and post-judgment interest where applicable; attorney's fees; court costs; and for all other relief to which Plaintiffs may be entitled.

Respectfully submitted,

**VICTOR MANUEL TALAVERA-TALAVERA and MARCO ANTONIO TALAVERA-LEMUS, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Stacy Coonce
Stacy Coonce
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com