IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**VICTOR MANUEL TALAVERA-TALAVERA and
MARCO ANTONIO TALAVERA-LEMUS**                                   PLAINTIFFS

vs.                              No. 5:15-cv-123-BSM

**CATER FARM & PLANTING, LLC**                                   DEFENDANT

**FIRST AMENDED AND SUBSTITUTED COMPLAINT**

COME NOW Plaintiffs herein Victor Manuel Talavera-Talavera and Marco Antonio Talavera-Lemus, by and through their attorneys Stacy Coonce and Josh Sanford of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint against Defendant Cater Farm & Planting, LLC, do hereby allege and state as follows:

I.

**PRELIMINARY STATEMENTS**

1.      The purposes of the amendments made to Plaintiffs' Original Complaint in this First Amended and Substituted Complaint are to allege additional causes of action against Defendant pursuant to 29 C.F.R. § 655.20, the Migrant and Seasonal Migrant Agricultural Worker Protection Act (AWPA), 29 U.S.C. § 1811, *et seq*, and to re-allege and refine Plaintiffs' claims against Defendant.

2. Plaintiffs were granted permission to file this First Amended and Substituted Complaint pursuant to the Order entered at ECF No. __.

## II.

## STATEMENT OF JURISDICTION

3. Jurisdiction of this action is conferred on the Court by 28 U.S.C. § 1331, and based on the diversity of citizenship of the parties by 28 U.S.C. § 1332.

4. Venue lies within this district, pursuant to 28 U.S.C. § 1391 because Defendant is a resident of this district.

5. This lawsuit involves violation of the AWPA as well as negligence under the laws of the State of Arkansas.

6. This Court has jurisdiction over the parties hereto and of the subject matter hereof, and venue is proper in this Court.

## III.

## PARTIES TO THE CLAIM

7. Plaintiff Victor Manuel Talavera-Talavera (hereinafter referred to as "Victor") is a citizen and resident of Mexico, but is temporarily residing in Arkansas with an H-2B visa.

8. Plaintiff Marco Antonio Talavera-Lemus (hereinafter referred to as "Marco") is a citizen and resident of Mexico, but is temporarily residing in Arkansas with an H-2B visa.

9. Defendant Cater Farm & Planting, LLC (hereinafter referred to as "Defendant"), is a domestic limited liability company with its primary place of

business in Drew, Arkansas, and having a registered agent for service of process of Jason Cater, 1715 Florence Road, Monticello, Arkansas 71655.

10. Defendant hired Plaintiffs Victor and Marco through the H-2B temporary worker program.

## IV.

## STATEMENT OF FACTS

11. This case arises out of an accident involving a vehicle belonging to Carlos Omar Tello Dominguez (hereinafter referred to as "Carlos") but being operated by Alfredo Barron Segovia (hereinafter referred to as "Alfredo") on November 21, 2014, on US Highway 59 North near Wharton, Wharton County, Texas.

12. Plaintiffs were agricultural workers as that term is defined for purposes of the AWPA in that Plaintiffs were hired to plant trees for Defendant.

13. The trees to be planted by Plaintiffs for Defendant are part of Defendant's agricultural operation as agriculture is defined under laws relevant to this lawsuit.

14. As an H-2B employer, Defendant was responsible for providing transportation or compensation for transportation to Plaintiffs Victor and Marco from the place from which Plaintiffs came to work for Defendant, to the place of employment, in accordance with 20 CFR §655.20(j)(1)(i).

15. Pursuant to 20 CFR §655.20(j)(1)(iii), the "employer-provided transportation must comply with all applicable Federal, State, and local laws and regulations and must provide, at a minimum, the same vehicle safety standards,

driver licensure requirements, and vehicle insurance as required under 49 CFR parts 390, 393, and 396."

16. Defendant undertook the duty to provide transportation to Plaintiffs by hiring Carlos to transport several H-2B employees, including Plaintiffs Victor and Marco, to its property in Monticello, Arkansas.

17. At the time of the accident, Alfredo, an employee of Carlos, was transporting the employees to the property in Monticello, Arkansas.

18. On November 21, 2014, at approximately 5:36 AM, Alfredo was operating a 2003 Chevrolet van belonging to Carlos on US Highway 59 North near Wharton, Wharton County, Texas, when Alfredo fell asleep, causing him to lose control of the vehicle and crash into multiple other vehicles.

19. Several passengers were in the vehicle at the time of the accident, including Plaintiffs Victor and Marco.

20. Four passengers died as a result of the accident.

21. At all times, Alfredo's operation of the vehicle was not reasonable or in accordance with Federal, State, and local laws.

22. The loss of control of the vehicle and the accident at issue were directly the result of Alfredo's failure to operate the vehicle in accordance with the applicable Federal, State and local laws.

23. As a result of the accident, Plaintiffs Victor and Marco suffered severe injuries and had to be taken to a hospital in Rosenberg, Texas.

24. As a result of the accident, Plaintiffs Victor and Marco have sustained severe personal injuries; have experienced excruciating pain and

suffering in the past and will continue to experience such in the future; have incurred extensive medical expenses in the past and will continue to incur such expenses in the future; have lost income; as well as other compensable incidental damages.

V.

### COUNT 1:

### NEGLIGENCE OF DEFENDANT

25.    Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

26.    At all times relevant to the Complaint, Defendant owed to the general public, including Plaintiffs, the duty to not place others in an unreasonable risk of danger.

27.    At all times relevant to the Complaint, Defendant owed to the Plaintiffs, the duty to provide transportation or compensation for transportation from the place from which Plaintiffs came to work for Defendant, to the place of employment, in accordance with 20 CFR §655.20(j)(1)(i).

28.    At all times relevant to the Complaint, Defendant owed to the Plaintiffs, the duty to provide transportation which complied with 20 CFR §655.20(j)(1)(iii).

29.    Defendant breached its duty by negligently and unlawfully permitting Alfredo to operate the subject vehicle in a negligent manner on the highways of the State of Texas, which resulted in the vehicular accident and the substantial injuries to Plaintiffs.

30. This duty is non-delegable.

31. Hiring Carlos to provide transportation for Plaintiffs did not relieve Defendant of its duty to provide transportation in compliance with 20 CFR §655.20(j)(1)(iii).

32. The negligence of Defendant includes, but is not limited to, the following:

A. Violation of the duty to provide transportation to H-2B employees which complies with 20 CFR §655.20(j)(1)(iii);

B. Failure to exercise reasonable care as required by the circumstances.

C. Operated the motor vehicle at a high, dangerous and excessive rate of speed under the circumstances then and there existing;

D. Failed to reduce speed to avoid loss and damage; and

E. Failed to observe due care and precaution and to maintain proper and adequate control of the motor vehicle;

33. As direct and proximate result of Defendant's conduct or failure to act as more particularly set forth above, Plaintiffs suffered injuries and incurred damages as more particularly described herein.

## COUNT 2:

### NEGLIGENT HIRING, SUPERVISION AND RETENTION

34. Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

35. Upon information and belief, Defendant did not conduct a background or driving record check prior to hiring Alfredo.

36. Upon information and belief, a proper check would have revealed that Alfredo was not an unfit, incompetent, or unsuitable agent for the position for which he was hired.

37. Upon information and belief, Defendant knew or should have known that allowing an unfit, incompetent, or unsuitable agent to provide transportation for Plaintiffs would subject Plaintiffs to an unreasonable risk of harm.

38. At all times relevant to the Complaint, Defendant owed to the general public, including Plaintiffs, the duty to protect from injury by the tortious acts of unfit, incompetent, or unsuitable agents.

39. Upon information and belief, Defendant breached its duty by negligently hiring and retaining Alfredo to operate the subject on the highways of the State of Texas, which resulted in the vehicular accident and the substantial injuries to Plaintiffs.

40. Upon information and belief, Defendant breached its duty by negligently supervising Alfredo in his operation of the subject on the highways of the State of Texas, which resulted in the vehicular accident and the substantial injuries to Plaintiffs.

41. The negligence of Defendant includes, but is not limited to, the following:

    A. Negligent hiring, supervision, and retention;

B.  Failure to exercise reasonable care as required by the circumstances.

42. As direct and proximate result of Defendant's conduct or failure to act as more particularly set forth above, Plaintiffs suffered injuries and incurred damages as more particularly described herein.

## COUNT 3:

## VIOLATION OF 20 C.F.R. § 655.20(j)(1)(iii)

43. Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

44. As an H-2B employer, Defendant was responsible for providing transportation or compensation for transportation to Plaintiffs Victor and Marco between the place from which Plaintiffs came to work for Defendant and the place of employment, in accordance with 20 CFR §655.20(j)(1)(i).

45. Defendant's duty is non-delegable.

46. Pursuant to 20 CFR §655.20(j)(1)(iii), the "employer-provided transportation must comply with all applicable Federal, State, and local laws and regulations and must provide, at a minimum, the same vehicle safety standards, driver licensure requirements, and vehicle insurance as required under 49 CFR parts 390, 393, and 396."

47. At all relevant times hereto, Defendant had knowledge that transportation would be necessary for Plaintiffs to arrive at Defendant's work site and to return to Plaintiffs' residence in Mexico.

48. At all relevant times hereto, Defendant had knowledge that Plaintiffs did not have their own means of transportation and had no access to public transportation which would get them between Defendant's work site and Plaintiffs' residence in Mexico.

49. Pursuant to this knowledge, Defendant procured and arranged for transportation for Plaintiffs, which was a necessary element of Plaintiffs' employment with Defendant.

50. Defendant contacted Carlos and authorized and instructed Carlos to transport Plaintiffs between Plaintiffs' residence in Mexico and Defendant's work site.

51. Defendant placed no restrictions on the manner in which such transportation was provided.

52. Carlos, acting within the scope of authority granted to him by Defendant, authorized Alfredo to drive the vehicle used to transport Plaintiffs.

53. At all times relevant hereto, Carlos was acting as an authorized agent of Defendant within the scope of authority granted to him by Defendant.

54. Alfredo operated the vehicle in an unsafe manner, including but not limited to driving at speeds in excess of that permitted under Texas law, and operating the vehicle without sufficient rest.

55. The accident at issue herein was the direct result of Alfredo's failure to operate the vehicle according to the laws of the State of Texas.

56. Therefore, Defendant violated its obligations as an H-2B employer and is liable to Plaintiffs for the injuries and damages to Plaintiffs alleged herein.

## COUNT 4:

## VIOLATION OF AWPA: FAILURE TO PROVIDE ADEQUATE TRANSPORTATION

57. Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

58. The requirements of the AWPA, 29 U.S.C. § 1811, *et seq*, are applicable to Plaintiffs because they were engaged in agricultural work. Specifically, Plaintiffs were to plant trees for Defendant which Defendant was growing as an agricultural crop as that term is defined under relevant law.

59. According to regulations applicable to the AWPA, any vehicle, other than a passenger vehicle or station wagon, used to transport migrant agricultural workers more than seventy-five (75) miles must be "driven in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated." 29 C.F.R. § 500.102, 500.105(b)(2)(ii).

60. The vehicle used to transport Plaintiffs was a non-passenger automobile because it was manufactured primarily for transporting more than ten individuals. 49 U.S.C. § 32901(a)(18).

61. At all relevant times hereto, Defendant had knowledge that transportation would be necessary for Plaintiffs to arrive at Defendant's work site and to return to Plaintiffs' residence in Mexico.

62. At all relevant times hereto, Defendant had knowledge that Plaintiffs did not have their own means of transportation and had no access to public transportation which would get them between Defendant's work site and Plaintiffs' residence in Mexico.

63. Pursuant to this knowledge, Defendant procured and arranged for transportation for Plaintiffs, which was a necessary element of Plaintiffs' employment with Defendant.

64. Defendant contacted Carlos and authorized and instructed Carlos to transport Plaintiffs between Plaintiffs' residence in Mexico and Defendant's work site.

65. Defendant placed no restrictions on the manner in which such transportation was provided.

66. Carlos, acting within the scope of authority granted to him by Defendant, authorized Alfredo to drive the vehicle used to transport Plaintiffs.

67. At all times relevant hereto, Carlos was acting as an authorized agent of Defendant within the scope of authority granted to him by Defendant.

68. The accident at issue herein was the direct result of Alfredo's failure to operate the vehicle according to the laws of the State of Texas.

69. Therefore, Defendant violated its obligations under the AWPA and is liable to Plaintiffs for the injuries and damages to Plaintiffs alleged herein.

## COUNT 5:

**VIOLATION OF AWPA: FAILURE TO MAINTAIN PROPER INSURANCE**

70. Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

71. Pursuant to 29 U.S.C. § 1841, an agricultural employer must have an insurance policy "which insures the agricultural employer . . . against liability for damage to persons or property arising from the ownership, operation, or the

causing to be operated, of any vehicle used to transport any migrant or seasonal agricultural worker."

72. Pursuant to 29 C.F.R. § 500.121, the amount of vehicle liability insurance required is at least $100,000.00 for each seat in the vehicle.

73. The total amount of liability insurance maintained by Defendant on the vehicle at issue in this case was $100,000.00.

74. There were at least eleven (11) seats in the vehicle at issue in this case.

75. Because the vehicle at issue in this case had at least eleven seats, the amount of liability insurance maintained by Defendant on the vehicle at issue in this case should have been at least $1,100,000.00.

76. Of the $100,000.00 available under the insurance policy maintained by Defendant, the entire amount was paid to an individual who was fatally injured in the accident other than Plaintiffs.

77. Neither Plaintiff received any part of the $100,000.00 available under the insurance policy maintained by Defendant.

78. Defendant breached its duty owed to Plaintiffs by failing to maintain liability insurance in the minimum amount required by the AWPA.

79. Defendant's duty is non-delegable.

80. As a direct and proximate cause of Defendant's failure to fulfill its duties under the AWPA, Plaintiffs were damaged by Defendant's breach in that Plaintiffs have been unable to obtain any monies to compensate them for their injuries alleged herein.

## V.

## DAMAGES

81. Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

82. As a direct and proximate result of Defendant's actions, Plaintiffs have suffered the following damages:

    A.    Past, present, and future medical expenses;

    B.    Past, present, and future mental anguish damages;

    C.    Past, present, and future pain and suffering;

    D.    Lost income;

    E.    Mileage for medical treatment;

    F.    Costs herein; and

    G.    Any and all other compensatory and consequential damages to which Plaintiffs are entitled.

83. At the time of the accident, Plaintiffs were able-bodied males who were gainfully employed. As a proximate result of the incident caused by Defendant's negligence and recklessness, Plaintiffs have not only had to miss work, but are currently incapable of working due to their injured state. As a result, Plaintiffs have lost and will lose income in a sum to be determined by the evidence presented at trial.

84. Plaintiffs' total compensatory damages shall be proved by the evidence presented at trial and are in excess of any minimum jurisdictional requirements of this Court.

85. Plaintiffs assert damages in an amount sufficient to invoke federal jurisdiction.

86. In addition, pursuant to A.C.A. § 16-55-206 and *Yeakley v. Doss*, 370 Ark. 122, 250 S.W.3d 895 (2007), Defendant is liable to Plaintiffs for punitive damages as Defendant knew or ought to have known, in light of the surrounding circumstances, that the conduct particularly described herein would naturally and probably result in injury or damage, and continued such conduct with malice or in reckless disregard of the consequences from which malice may be inferred.

WHEREFORE, premises considered, Plaintiffs Victor Manuel Talavera-Talavera and Marco Antonio Talavera-Lemus, pray that Defendant Cater Farm & Planting, LLC, be summoned to answer herein; for entry of judgment against Defendant which will fairly compensate Plaintiffs for all damages sustained in and as a result of Defendant's negligence and violations alleged herein; pre- and post-judgment interest where applicable; attorney's fees; court costs; and for all other relief to which Plaintiffs may be entitled.

        Respectfully submitted,

        **VICTOR MANUEL TALAVERA-TALAVERA and MARCO ANTONIO TALAVERA-LEMUS, PLAINTIFFS**

        SANFORD LAW FIRM, PLLC
        ONE FINANCIAL CENTER
        650 SOUTH SHACKLEFORD, SUITE 411
        LITTLE ROCK, ARKANSAS 72211
        TELEPHONE: (501) 221-0088
        FACSIMILE: (888) 787-2040

By:    Stacy Coonce
        Ark. Bar No. 2014171
        stacy@sanfordlawfirm.com

and   /s/ Josh Sanford
        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that on the ___ day of July, 2015, a true and correct copy of the foregoing FIRST AMENDED COMPLAINT was filed via the CM/ECF system and that the attorneys named below have consented to the electronic distribution of pleadings by the CM/ECF system:

    Alfred F. Angulo, Jr., Esq.
    Robertson, Beasley, Shipley & Redd, PLLC
    Post Office Drawer 848
    Fort Smith, Arkansas 72902-0848

                /s/ Josh Sanford
                **JOSH SANFORD**